By the Court, Nelson, Ch. J.
In England, the parson is seised of the freehold and possession of his church, (3 Toml. Law Diet. 65,) in the same manner as the trustees of churches are in this state. (3 R. S. 206—215, 2d ed.) (a) But there, the use of all the pews is the property of the parish, to be used in common by the parishioners, who are entitled to be seated orderly and conveniently so as best to provide for the accommodation of all. The disposal and distribution of the *27 seats rest with the church-wardens, subject to the control of the ordinary, who seems to have an unlimited discretion over the subject and can make such changes from time to time as he sees fit. (Rep. of Eccl. Com., Feb. 1832 ; 3 Toml. Law Diet. 107.) (b) An exclusive right to the occupation and enjoyment of a particular pew may be prescribed for or granted under ecclesiastical authority, as appurtenant and annexed to a house in or out of the parish ; and this, it seems, is the only right to that species of property of which the common law takes notice. (Mainwaring v. Giles, 5 Barn. & Ald. 356 ; Lousley v. Hayward, 1 Younge & Jervis, 583 ; 3 Toml. Law Dict. 107.) (c) The right of property in a pew, therefore, being an incorporeal one, annexed to a messuage—a mere easement—sufficiently accounts for the English doctrine, that an action on the case only will lie for a disturbance of the occupant. (d)
But in this state, owners of pews have an exclusive right to their possession and occupation for the purposes of public worship ; not as an easement, but by virtue of their individual right of property therein,(e) derived perhaps, in theory at least, from the corporation represented by the trustees who are seised and possessed of the temporalities of the church. The owners hold and possess their particular seats in severalty, in subordination to the more general right of the trustees in the soil and freehold. These rights are distinct and separate; and neither do they, nor the respective possessions growing out of the enjoyment of them, necessarily conflict with each other. (Second Congr. Soc. in North Bridgewater v. Waring, 24 Pick. Rep. 304.) The remedy by an action of trespass for a disturbance of the owner in the possession of his pew, is therefore en *28 tirely consistent with established principles; and, indeed, seems to be the most appropriate one that can be brought. (Wentworth v. First Parish in Canton, 3 Pick. Rep. 344 ; Baptist Church in Hartford v. Witherell, 3 Paige, 302.)
Judgment reversed.

 See The People v. Runkel, (9 John. Rep. 147.)

6) See Heeney v. St. Peter's Church, (2 Edw. Ch. Rep. 612, 13, and note.)

 See also 2 Stark. Ev. 628, et seq. 6th Am. ed. and the cases there cited in the notes.

 See 2 Bouvier’s Law Diet, 261.

 See Freligh v. Platt, (5 Cowen, 496 ;) First Baptist Church of Ithaca v. Bigelow, (16 Wend. 32.)